IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN C. HOLLIS,

       Plaintiff,

      vs.                                 Civ. No. 12-567 JAP/ACT

CORIZON MEDICAL SERVICES,
DON D. DOUGLAS, P.A., MARY HARMON,
and DR. JOSE ANDRADE,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on Plaintiff's Motion of Removal [Doc. No. 7], construed herein as a Motion to Remand, filed June 18, 2012 ("Motion to Remand"). Defendants filed a Response [Doc. No. 15] on August 7, 2012 ("Response").[2] Plaintiff did not file a Reply.

The primary issue before the Court is whether Plaintiff's Complaint presents a federal question over which this Court has jurisdiction. Because the Court finds that Defendants have met their burden of demonstrating that federal jurisdiction applies, the Court recommends that the Plaintiff's Motion to Remand be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 10, 2012, Plaintiff filed a Complaint (Tort) in the Fifth Judicial District Court, County of Lea, State of New Mexico ("Complaint"). [Doc. No. 1-2.] On May 24, 2012,

---

[1] On Order of Reference [Doc. No. 4] was entered on May 29, 2012, referring this case to Magistrate Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.

[2] D.N.M.LR-Civ. 7.4 states in pertinent part that "[a] response mus be served and filed within fourteen (14) calendar days after service of the motion." Defendants' Response is therefore untimely. However, given the unclear designation and nature of the Plaintiff's "Motion of Removal," and the Court's decision to construe it as a Motion to Remand, the Court will accept the Defendants' Response as timely and decide Plaintiff's Motion on the merits.

Defendants filed their respective Answers on May 24, 2012 [Doc. No. 2-1, pp. 64-87.] On May 24, 2012, Defendants also filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1] As grounds for removal, Defendants state that "Plaintiff alleges generally that Defendants violated his constitutional and federal rights." [Doc. No. 1 at ¶ 4.]

On June 18, 2012, Plaintiff filed a "Motion of Removal" which the Court has construed as a Motion to Remand. [Doc. No. 7.] Plaintiff argues in his Motion to Remand that (1) he filed his Complaint in the Fifth Judicial District Court; (2) he was not given proper notice by Defendants to remove; (3) that although the Defendants state that "Defendants violated my constitutional and federal rights," his Complaint states that he was "denied timely, adequate, competent and professional medical care and treatment as a result of deliberate indifference to my serious medical needs" and (4) as a *pro se* plaintiff, he is not qualified to defend his case in federal court. [Doc. No. 7.] Plaintiff requests his Complaint be "removed" from this Court back to the Fifth Judicial District Court.

On August 7, 2012, Defendants filed their Response to Plaintiff's Motion of Removal ("Response") which the Court has construed as timely. [Doc. No. 15.] Defendants contend that Plaintiff alleges a violation of his constitutional and federal rights, including allegations of "deliberate indifference to my serious medical needs." [Doc. No. 15 at 1-2.] For these reasons, Defendants assert this case is properly removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446.

Plaintiff did not file a reply.

## RELEVANT LAW

### A.    JURISDICTION

Title 28 U.S.C. § 1331 provides a federal district court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Article III of the Federal Constitution states that lower federal courts have original jurisdiction over "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const.. art. III, §§ 1, 2. Regarding a federal district court's jurisdiction, the Tenth Circuit Court of Appeals further stated:

> In *Bell v. Hood*, the Supreme Court explained that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions[,] .. . *must* entertain the suit.." 327 U.S. 678, 681-82, 66 S.Ct. 773, 90 L.Ed. 939 (1946) (emphasis added). The two "possible exceptions" are claims that "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous." *Id.* at 682-83, 66 S.Ct. 773; *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

*Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1095 (10th Cir. 2005), *opinion vacated in part, on other grounds, on rehearing en banc*, 449 F.3d 1097 (10th Cir. 2006).

### B.    REMOVAL

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil Gas Corp. v Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280- (10th Cir. 2001)). Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing

by the party invoking federal jurisdiction. *Id.* (citing *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir.1992), *cert. denied*, 507 U.S. 951, 113 S.Ct. 1364, 122 L.Ed.2d 742 (1993). If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). In a removed case the defendant must show in its notice of removal that the plaintiff's well-pleaded complaint "established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constru. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 88 L.Ed.2d 420 91983). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

    28 U.S.C. § 1441(a) and (b) provide for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 91987) (footnote omitted). "The presence or absence of federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

    Normally, "the [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. at 2429. At the same time, "the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it." *In re Carter*, 618 F.2d 1093, 1101

(5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981) (citation omitted).  "[T]he plaintiff's failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal."  14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722, at 276 (1985).  This appears to be the same "artful pleading doctrine" recognized by *Eitmann v. New Orleans Public Service, Inc*., 730 f.2d 359 (5th Cir.)("artful pleading" cannot circumvent federal question jurisdiction,), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984).  The Supreme Court has characterized this principle as "settled."  *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 397 N.2, 101 S.Ct. 2424, 2427 n.2, 69 L.Ed.2d 103 (1981).  Thus, if any of plaintiff's well-pleaded claims raise an issue that is necessarily one of federal law, then plaintiff's assertion that  brings no federal claims will not be controlling.

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit," in a removed case.  *Gully v. First Nat'l Bank*, 299 U.S. 109, 118, 57 S.Ct. 96, 81 L.Ed. 70 (1936).  The Federal right "must be an element, and an essential one, of the plaintiff's cause of action."  *Id* at 112, and "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," *Id*. at 113.  "The 'vast majority' of cases that come within [the federal-question] grant of jurisdiction are covered by Justice Holmes' statement that a "'suit arises under the law that creates the cause of action.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (internal quotations marks omitted).  The Supreme Court has stated that, when a complaint alleges violation of constitutional rights by state actors and is brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343 "confer[s] jurisdiction upon the district court to entertain the constitutional claim if it [is] of sufficient substance to support federal jurisdiction."  *Hagans v.*

5

*Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), *superceded by statute on other grounds*.

### C.     REMAND

A plaintiff may attack the removal of a case to federal court by filing a motion in federal district court to remand the case to state court.  See *Caterpillar Inc. v. Lewis*, 519 U.S. at 69, 117 S.Ct. 467; *Huffman v. Saul Holdings Ltd., P'ship*., 194 F.3d at 1076 (citation omitted); 28 U.S.C. § 1447(c).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  The courts strictly construe the removal statues in favor of remand and against removal.  *Fajen v. Foundation Reserve Ins. Co., Inc*., 683 F.2d 331, 333 (10th Cir. 1982).  If the case is remanded, the defendants cannot remove the case to federal court again unless removability is premised upon a voluntary act by the plaintiff.  See *Huffman v. Saul Holdings Ltd. P'ship*., 194 F.3d at 1078.

### D.     CLAIMS UNDER 42 U.S.C. § 1983

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

A claim of deliberate indifference to the serious medical needs of prisoners is cognizable under § 1983 as a violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).

**DISCUSSION**

On April 20, 2012, Plaintiff filed his Complaint in the Fifth Judicial District Court using a preprinted form entitled "Complaint (Tort)" seeking damages for the denial of "timely, adequate, competent and professional medical care and treatment as a result of deliberate indifference to the Plaintiff's serious medical needs, failure to refer to a specialist." [Doc. 1-2 at 1.] Plaintiff identifies himself as a prisoner at Lea County Correctional Facility. [Id.] Plaintiff indicates that the Fifth Judicial District Court has jurisdiction pursuant to the New Mexico Tort Claims Act and that a Notice of Claim had been filed.[3] [Id.] Plaintiff demands relief in the form of compensatory damages of $50,000 and punitive damages "in the amount sufficient to punish the Constitutional violations and to deter similar deprivation in the future." [Doc. No. 1-2 at 24.]

In filing their Notice of Removal, Defendants assert that "Plaintiff alleges generally that Defendants violated his constitutional and federal rights." [Doc. No. 1 at 1.] Defendants cite to Section III Parties, subpart (D), of Plaintiff's Complaint in which Plaintiff identifies Don D. Douglas as a Defendant and indicates he was deliberately indifferent to the "Plaintiff's serious medical needs and is a violation of state law and Plaintiff's federal rights." [Doc. No. 1 at 1; Doc. No. 1-2 at 3.] Defendants also cite to Section V Prayer of Plaintiff's Complaint in which Plaintiff demands punitive damages "in the amount sufficient to punish the Constitutional violations and to deter similar deprivations in the future." [Doc. No. 1 at 1; Doc. No. 1-2 at 24.]

---

[3] On May 27, 2011, Plaintiff completed a Notice of Claim addressed to the Risk Management Division for the State of New Mexico. Plaintiff represented that his loss/injury occurred on or about April 11, 2011, at the Lea County Correctional Facility. Plaintiff asserts in the Notice of Claim that he was denied "timely, adequate, competent and professional medical care and treatment of my prostatitis has led to recurrence of the infection and now bladder problems." [Doc. No. 1-3 at 36.] On June 8, 2011, the State of New Mexico General Services Department, Risk Management Division, denied Plaintiff's claim and indicated that the "Risk Management Division does not insure Lea County Correctional Facility" and that his claim was being forwarded to the contractor, GEO, for handling. [Doc. No. 1-3 at 37.]

Defendants contend that on that basis, "this case may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 and § 1446."[4] In other words, because the lawsuit involves only a federal question, the lawsuit is removable. *See* 28 U.S.C. § 1331 and § 1441(c).

The arguments raised in Plaintiff's Motion to Remand fail for several reasons. As discussed above, "[T]he plaintiff's failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal." 14A Charles a. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722, at 276 (1985). Thus, the fact that Plaintiff originally brought his lawsuit in state court and believes he couched his pleading in terms of state law does not prevent the Defendants from properly removing this case to the federal court where Plaintiff's Complaint presents a federal claim over which this Court has original jurisdiction. Here, in addition to the two specific references cited by Defendants in their Notice of Removal that Plaintiff's Complaint is based on allegations of "deliberate indifference to my serious medical needs," the Court notes at least twelve more references throughout Plaintiff's Complaint where he uses this precise language. [Doc. No. 1-2 at pp. 1, 2, 4, 14, 15, 16, 18, 21, 22.] A claim of deliberate indifference to the serious medical needs of a prisoner is cognizable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). That said, the Supreme Court has stated that, when a complaint alleges violation of constitutional rights by state actors and is

---

[4] "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(a).

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446.

brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343 "confer[s] jurisdiction upon the district court to entertain the constitutional claim if it [is] of sufficient substance to support federal jurisdiction." *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), *superceded by statute on other grounds*. Here, there is no doubt that the allegations in Plaintiff's Complaint are founded on a claim or right arising under federal law. Therefore, general federal-question jurisdiction exists in this case and the Defendants' Notice of Removal to federal district court is proper.

As to Plaintiff's argument that Defendants did not obtain his consent for removal, the Defendants are not required to obtain Plaintiff's consent in order to remove. When a civil action is removed solely under section 1441(a), all *defendants* who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Defendants' only obligation to the Plaintiff in the removal process is to "serve a copy of the removal notice and attachments on all adverse parties." 42 U.S.C. § 1446(d). Defendants met this obligation.

Finally, whether Plaintiff as a *pro se* plaintiff is qualified or not to defend his case in federal court has no bearing on whether this case is properly removed. Removal is governed by statute, 28 U.S.C. § 1441 et seq., and requires an independent ground for subject-matter jurisdiction such as diversity jurisdiction or federal question jurisdiction. As previously stated, there is no doubt that the allegations in Plaintiff's Complaint are founded on a claim or right arising under federal law and that general federal-question jurisdiction exists. The statutory criteria necessary for removal have been met in this case.

## **RECOMMENDED DISPOSITION**

For the reasons discussed above, this Court recommends that Plaintiff's Motion to Remand [Doc. No. 7] be DENIED.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen (14) days period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**