IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOHN C. HOLLIS,

      Plaintiff,

      vs.                                        Civ. No. 12-567 JAP/ACT

CORIZON MEDICAL SERVICES,
DON D. DOUGLAS, P.A., MARY HARMON,
and DR. JOSE ANDRADE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion in Opposition to Defendants Affirmative Defenses [Doc. No. 8], construed herein as a Motion to Strike, filed on June 25, 2012[1] ("Motion to Strike"). Defendants filed a Motion to Strike "Plaintiff's Motion in Opposition to Defendants Affirmative Defenses" [Doc. No. 9], construed herein as a Response to Plaintiff's Motion to Strike on July 9, 2012 ("Response"). Plaintiff did not file a Reply.

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 10, 2012, Plaintiff filed a Complaint (Tort) in the Fifth Judicial District Court, County of Lea, State of New Mexico ("Complaint") seeking damages for the denial of "timely, adequate, competent and professional medical care and treatment as a result of deliberate indifference to the Plaintiff's serious medical needs, failure to refer to a specialist." [Doc. No. 1-2.] On May 24, 2012, Defendants filed their respective Answers [Doc. No. 2-1, pp. 64-87.] On

---

[1] Plaintiff's Motion to Strike was filed 31 days after Defendants filed their Answers, ten days beyond the requirements of Fed. R. Civ. P. 12(f)(2). Given the circumstances of Plaintiff's incarceration, the Court will accept the Plaintiff's Motion to Strike as timely and rule on the merits.

May 24, 2012, Defendants also filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1.]

In their respective Answers to Plaintiff's Complaint, Defendants assert thirteen affirmative defenses: (1) Plaintiff failed to properly serve Defendant as required by New Mexico law;[2] (2) Plaintiff's Complaint fails to state a claim; (3) Plaintiff's claims are barred by the statute of limitations; (4) Plaintiff failed to exhaust his administrative remedies, therefore, pursuant to NMSA 1978, § 33-2-11(B), the Court does not have subject matter jurisdiction over Plaintiff's state law claims; (5) Plaintiff's claim is barred, in whole or in part, and is subject to all limitations contained in the Prison Litigation Reform Act; (6) Plaintiff's claim is barred, in whole or in part, and is subject to all limitations contained in the New Mexico Tort Claims Act; (7) Plaintiff herein has not suffered any injury, damages or otherwise as a result of Defendant's acts, omissions or conduct; (8) if Defendant was negligent, which Defendant specifically denies, then Defendant is entitled to have the jury determine whether Plaintiff and/or other persons were comparatively negligent, or at fault, and if such comparative negligence, if found, should be used to offset in whole or in part, Plaintiff's recovery against Defendant; (9) the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, were the proximate result of the acts or omissions of third parties or of an independent intervening cause, thereby barring recovery herein as to this Defendant; (10) Plaintiff's damages were caused by an unavoidable medical complication for which this Defendant cannot be held responsible; (11) Plaintiff failed to mitigate his damages; (12) Defendant acted in good faith and in a reasonable manner given the information and circumstances existing at the time; (13) Defendant exercised that degree of

---

[2] This affirmative defense is not asserted on behalf of Defendant Jose Andrade, M.D.

care common to the medical community and possessed and exercised by members of the profession similarly situated, thereby barring recovery. [Doc. No. 2-1 at 67-68, 73-74, 79-80, 85-86.]

In Plaintiff's Motion to Strike, Plaintiff disagrees with each of the affirmative defenses and generally concludes that he "believes he has established the complexity of issues pertaining to Defendant's affirmative defenses." [Doc. No. 8 at 4.] More specifically, Plaintiff states as to each affirmative defense the following: (1) Defendants were properly served by certified mail pursuant to Rule 1-004 NMRA on April 25, 2012 [Id. at 1]; (2) Plaintiff stated his claim when he filed his "(Tort) Complaint" on April 20, 2012 [Id. at 2]; (3) Plaintiff filed his claim within two years of the date of the incident [Id.]; (4) Plaintiff exhausted his administrative remedies by completing the five-step grievance process within the required time frame as required [Id. at 3]; (5) Plaintiff suffered an injury and believes that a medical specialist, as opposed to a jury, "could determine the cause of my recurring prostate infection" [Id.]; (6) Defendants have no evidence to support their claim that the acts and damages alleged in Plaintiff's Complaint were the proximate result of the acts or omissions of third parties or of an independent intervening cause, and making this claim is "slanderous to the Plaintiff's self-respect, dignity, and is extremely humiliating and destructive" [Id.]; (7) the Defendants should be held responsible for Plaintiff's damages that resulted from an unavoidable medical complication because he was not referred to a specialist [Id. at 4.]; (8) Plaintiff's health service requests, medical records and lab reports are evidence that he mitigated his damages [Id.]; and (9) an off-site specialist in urology would disagree that the Defendants acted in good faith or exercised a degree of care exercised by members of their profession. [Id.]

In their Response, Defendants argue that Plaintiff's "Motion in Opposition to Defendant's Affirmative Defenses" is either (1) an improper reply to Defendants' Answers without a basis under Fed. R. Civ. P. 7(a) or (2) a motion that does not state the relief sought and lacks the necessary specificity outlined in Fed. R. Civ. P. 7(b)(1). [Doc. No. 9 at 1.] If the Court construes Plaintiff's document as a reply to an answer, the Defendants contend that because the Court has not ordered Plaintiff to file a reply, it is explicitly prohibited and should be stricken. [Doc. No. 9 at 3.] If the Court construes Plaintiff's document as a motion, Defendants argue that it does not meet the basic motion requirements that all motions shall "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought." Fed. R. Civ. P. 7(b)(1)(A)-(C). [Id.] Specifically, Defendants state that because Plaintiff has failed to point to any obtainable relief or specify the grounds for relief, the Court should strike it accordingly.

Plaintiff did not file a reply.

## RELEVANT LAW

### A.   MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure provides:

(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

>   (1) on its own; or
>
>   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied.

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ., § 1382 (3d. ed.2004) (footnotes omitted). *See Burget v. Capital W. Sec., Inc.*, No. CIV–09–1015–M, 2009 WL 4807619, at *1 (W.D.Okla. Dec. 8, 2009)("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")(citing *Scherer v. U.S. Dep't of Educ.*, 78 Fed.Appx. 687, 689 (10th Cir.2003)). "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.'" *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. 09–CV–0455–CVE–FHM, 2010 WL 132414, at *5 (N.D.Okla. Jan. 8, 2010) (quoting *Burget v. Capital W. Sec., Inc.*, 2009 WL 4807619, *1). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." *Friends of Santa Fe County v. LAC Minerals, Inc.*, 892 F.Supp. 1333, 1343 (D.N.M.1995) (Hansen, J.) (quoting *Carter–Wallace, Inc. v. Riverton Lab.*, 47 F.R.D. 366, 368 (S.D.N.Y.1969)) (internal quotation marks omitted).

### B. <u>AFFIRMATIVE DEFENSES</u>

Fed. R. Civ. P. 8(b) and 8(c) govern the sufficiency of affirmative defenses under the notice pleading system, instructing that a defendant must affirmatively state such defenses "in short and plain terms." Rule 8 is intended to give the opposing party fair notice that the defendants will pursue a particular defense and the grounds upon which that defense rests. *Id.*

An affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A) and if the movant fails to demonstrate that the defense cannot succeed under any circumstances. *Michaud v. Greenberg & Sada, P.C.,* 2011 WL 2885952, *2 (D.Colo. July 18, 2011)(citing *Unger v. U.S. West, Inc.*, 889 F.Supp. 419, 422 (D.Colo. 1995)). To warrant striking a defense, its insufficiency must be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits." *Hayne v. Green Ford Sales, Inc*. 263 F.R.D. 647, 649 (D.Kan. 2009); s*ee also Resolution Trust Corp. v. Thomas*, 1995 WL 261641, at *1 (D.Kan. Apr. 25, 1995) (fact question prevents court from striking affirmative defense).

## DISCUSSION

Motions to strike under Rule 12(f) are not favored by the courts, and this Court declines to take this drastic remedy here. In reviewing each of the Defendants' affirmative defenses,[3] the

---

[3] The Court directs the Defendants to the distinctions of *affirmative defenses* governed by Fed. R. Civ. P. 8(c) and *defenses* governed by Fed. R. Civ. P. 12(b). An affirmative defense permits a defendant to avoid liability even if the allegations in the plaintiff's complaint are true. By pleading an affirmative defense, the defendant avoids the truth of the complaint by alleging another matter that prevents liability. *See Black's Law Dictionary* 482 (9th ed. 2009). The objective of Fed. R. Civ. P. 12 is to eliminate unnecessary delay at the pleading stage by raising defenses that terminate the lawsuit as a matter of law or defenses that raise potentially curable procedural defects.

For example, the purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (*quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. Without proof of service, a court lacks personal jurisdiction over the defendant. *Okla. Radio Assoc. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992).

Finally, the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir.2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."

Court is not convinced that any of the affirmative defenses are so utterly implausible that they cannot succeed under any circumstances.[4] In addition, while Plaintiff may disagree with the affirmative defenses, he has not demonstrated that any of the affirmative defenses cannot succeed. Instead, the Plaintiff has presented conflicting information and conclusory statements that involve factual disputes with the Defendants' assertions, which the Court will not resolve on Plaintiff's Motion to Strike. For example, on the one hand Defendants assert as affirmative defenses there was improper service, that Plaintiff has failed to state a claim, that Plaintiff's claim is barred by the statute of limitations, and that Plaintiff failed to exhaust his administrative remedies. On the other hand, Plaintiff asserts the exact opposite; i.e., that the Defendants were properly served, that he has stated a claim for relief, that he filed his claim within the statute of limitations, and that he has exhausted his administrative remedies. These are factual disputes that until resolved leave Defendants' affirmative defenses viable. In addition, Plaintiff concludes that Defendants have no evidence that the acts or omissions of third parties caused his damages, that Defendants should be held responsible for Plaintiff's damages, and that a specialist in urology would disagree that the Defendants acted in good faith. Once again, Plaintiff's conclusions are made in the face of factual issues in dispute.

---

(quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted).

[4] The Court notes that while the Defendants removed this matter to the United States District Court for the District of New Mexico on grounds that this Court has original jurisdiction because the lawsuit involves a federal question, their subject matter jurisdiction defense was raised in their Answers filed in state court. It follows that pending a ruling on Plaintiff's Motion to Remand currently before the Court, Defendants will presumably withdraw this defense if the case remains in this Court.

Because the Plaintiff has not shown that the Defendants' affirmative defenses cannot succeed under any circumstances, and because an insufficiency in Defendants' affirmative defenses is not clearly apparent with an absence of factual issues, the Court will not strike any of the Defendants' affirmative defenses at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike [Doc. No. 8] is DENIED.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**