IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN C. HOLLIS,

       Plaintiff,

    vs.                         Civ. No. 12-567  JAP/ACT

CORIZON MEDICAL SERVICES,
DON D. DOUGLAS, P.A.,
MARY HARMON, and DR. JOSE ANDRADE,

       Defendants.

ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    **THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 35] filed November 25, 2013.  On December 6, 2013, Plaintiff filed Objections to Proposed Findings and Recommended Disposition.  [Doc. 37.]  On December 20, 2013, Defendants filed a Response to Plaintiff's Objections.  [Doc. 38.]

    The Court has conducted a *de novo* review of the record and finds that the objections are without merit.  The Court will adopt the Proposed Findings and Recommended Disposition.

LAW REGARDING OBJECTIONS TO
PROPOSED FINDINGS AND RECOMMENDATIONS

    District courts may refer dispositive motions to a magistrate judge for a recommended disposition.  *See* Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving

1

objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition to which there have been proper objections.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate judge's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. One Parcel of Real Property, With Building, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996)("*One Parcel*")(quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  *One Parcel*, 73 F.3d at 1059 (citing *Niehaus v. Kan. Bar Ass'n*, 793F.2d 1159, 1165 (10th Cir. 1986); *United States v. Walter*, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *One Parcel*, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'" *One Parcel*, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate [judge].  *Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished). Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  *United States v. Raddatz*, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  *United States v. Raddatz*, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a *de novo* review of a party's timely, specific objections to the magistrate's report.  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995).

## PROCEDURAL AND FACTUAL BACKGROUND

On April 10, 2012, Plaintiff filed a Complaint (Tort) in the Fifth Judicial District Court, County of Lea, State of New Mexico ("Complaint"). [Doc. No. 1-2.]  On May 24, 2012, Defendants filed their respective Answers.  [Doc. No. 2-1, pp. 64-87.]  On May 24, 2012,

Defendants filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1.]  On June 18, 2012, Plaintiff filed a "Motion of Removal" which the Court construed as a Motion to Remand. [Doc. No. 7.] On February 22, 2013, the Court entered its Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition denying Plaintiff's Motion to Remand because Plaintiff's Complaint asserts a claim of deliberate indifference to the serious medical needs of a prisoner under 42 U.S.C. § 1983.  As such, general federal-question jurisdiction exists and the Defendants' Notice of Removal to federal district court was proper.

Plaintiff states in his Complaint that he is seeking damages for the denial of "timely, adequate, competent and professional medical care and treatment as a result of deliberate indifference to the Plaintiff's serious medical needs, failure to refer to a specialist." [Doc. No. 1-2 at 1.]  Plaintiff identifies himself as a prisoner at Lea County Correctional Facility and is proceeding *pro se*. [Id.]  More specifically, Plaintiff claims that beginning in June 2007 and continuing through December 2011 he complained to Dr. Jose Andrade and PA Mary Harmon about ongoing symptoms of prostate infection.  [Id. at 5-23.] Plaintiff asserts that he was never prescribed the proper course of antibiotics to treat his prostatitis. [Id. at 20.]  Plaintiff claims that because of the chronic nature of his prostatitis, he should have been referred to a specialist in urology and that Dr. Andrade and PA Harmon refused to do so. [Id. at 11-12, 18-19, 23.]

Plaintiff states he filed multiple inmate grievances against Dr. Andrade and PA Harmon for denying him "timely, adequate, competent, and professional medical care and treatment as a result of deliberate indifference to [his] serious medical needs" because they refused to refer him

to a specialist in urology.  [Doc. No. 1-2 at 18.] Plaintiff further states that when his grievances

were denied, he appealed; however, his appeals were also denied. [Id. at 20.]

Plaintiff seeks compensatory damages in the amount of $50,000 to compensate him for

his pain and suffering. [Doc. No. 1-2 at 24.] Plaintiff also seeks "punitive damages in the amount

sufficient to punish the constitutional violations and to deter similar deprivation in the future."

[Id.]

On February 28, 2013, the Magistrate Judge entered an Order Directing Submission of

*Martinez* Report. [Doc. 22.] The parties were given notice that the report may be used in

deciding whether to grant or deny summary judgment on Plaintiff's claims and civil rights

complaint. [Doc. 22 at 6.] With the submission of Defendants' *Martinez* Report, Defendants

concurrently moved this Court for summary judgment on Plaintiff's claims against Defendants

pursuant to Fed. R. Civ. P. 56. [Doc. 28 at 1.]

On November 25, 2013, the Magistrate Judge entered Proposed Findings and

Recommended Disposition [Doc. 35] finding that the undisputed material facts do not support

Plaintiff's claim that Defendants were deliberately indifferent to Plaintiff's serious medical needs

and recommending that Defendants' Motion for Summary Judgment be granted and that

Plaintiff's Civil Rights Complaint be dismissed with prejudice.  On December 6, 2013, Plaintiff

filed Objections. [Doc. 37.]

## **OBJECTIONS**

In his Objections, Plaintiff essentially reiterates the same unsupported conclusory

allegations presented in his Complaint and in his Response to Defendants' *Martinez* Report.  For

example, Plaintiff raises, *inter alia*, the following objections: (1) Plaintiff states that after

receiving antibiotics to treat his prostatitis in July 2006, he should have been monitored to make

sure that the infection was gone and that the failure to do so was deliberate indifference to his medical needs.  [Doc. 37 at 4.]  The record, however, indicates that Plaintiff's prostatitis responded to antibiotic therapy and did not reoccur until approximately four years later when he was again treated with antibiotic therapy.  [Doc. 28, Ex. F at 13; Doc. 28, Ex. G at 17.]

(2) Plaintiff states that on October 15, 2007, he told Dr. Andrade that he was having "a lot of problems with his prostate" and that Dr. Andrade stated there was nothing he could do.  [Doc. 37 at 6.]  The record indicates that Plaintiff was seen on that date by Dr. Andrade only for complaints regarding his right knee, asymptomatic lumps and glossitis.  [Doc. 28, Ex. G at 7.] There is no reference in either the subjective or objective portion of Dr. Andrade's notes that Plaintiff complained about prostate problems on that date.  [Id.]  (3) Plaintiff disputes that he was not in pain due to his prostatitis when he saw PA Harmon on August 19, 2009 [Doc. 37 at 6], yet the record on that date clearly indicates Plaintiff reported "no dysuria" and that his prostate exam revealed "no tenderness."  [Doc. 28, Ex. G at 12.]  (4) Plaintiff insists that he complained to Dr. Andrade on September 2, 2009, about symptoms of a prostate infection [Doc. 37 at 6]; however, the record on that date makes no reference to any subjective complaints of prostate infection.  [Doc. 28, Ex. F at 23.]  (5) Plaintiff asserts that on April 7, 2010, he "still had several symptoms of prostatitis."  [Doc. 37 at 7.]  Contrary to Plaintiff's assertions, the record reflects that Plaintiff denied any prostate problems at that appointment, and that PA Harmon assessed that Plaintiff's prostatitis was resolved.  [Doc. 28, Ex. G at 27.]  (6) Plaintiff contends that because he was prescribed antibiotics in December 2010 for prostatitis and prescribed a different course of antibiotics in February 2011 that this is evidence that his prostate infection was not being properly treated.  [Doc. 37 at 10.]  However, the record supports that Dr. Andrade and PA Harmon continued to treat Plaintiff's third bout of prostatitis with different courses of antibiotic

therapy until it was ultimately resolved.  [Doc. 28, Ex. G at 31-32; Doc. 28, Ex. J at 7; Doc. 28, Ex. I at 57.]  As stated in the Magistrate Judge's Proposed Findings and Recommended Disposition, Plaintiff cannot rest on mere belief and unsupported conclusory allegations. Plaintiff's Objections are not supported by evidence sufficient to create a genuine issue of material fact that Defendants were deliberately indifferent  to Plaintiff's medical needs.

The Court notes Plaintiff's request for a 90-day extension of time to submit additional records involving care he received at Nor-Lea General Hospital in 2013.  [Doc. 37 at 14.]  The Court finds it is not necessary to expand the record.  Plaintiff's request for an extension of time to submit additional evidence is **DENIED**.

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 35] are **ADOPTED** by the Court; and that Plaintiff's Prisoner's Civil Rights Complaint is dismissed with prejudice

**JAMES A. PARKER**
**United States District Judge**

7